IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02371-NRN

WALFER BOSBELY PEREZ-CIFUENTES,

     Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION CENTER
DENVER FIELD OFFICE DIRECTOR, ENFORCEMENT AND REMOVAL
OPERATIONS, IMMIGRATION AND CUSTOMS ENFORCEMENT;
TODD BLANCHE, ATTORNEY GENERAL; and
MARKWAYNE MULLIN, SECRETARY OF THE DEPARTMENT OF HOMELAND
SECURITY,

     Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Walfer Bosbely Perez-Cifuentes' ("Petitioner")

Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at

the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 ¶ 25. He

contends, in part, that the Respondents are improperly subjecting him to mandatory

detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his

detention. Because this is a fundamentally legal debate, there is no need for a hearing

on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS**

**IN PART** the Petition.

**BACKGROUND**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 1224072 (D. Colo. May 5, 2026); *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner is a twenty-one-year-old native and citizen of Guatemala who entered the United States in 2021, at the age of seventeen, as an Unaccompanied Alien Child ("UAC"). ECF No. 1 ¶ 1. He was processed by the Department of Health and Human Services ("DHS") and released to the custody of a sponsor in the United States pursuant to the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), codified in relevant part at 8 U.S.C. § 1232. *Id.* By releasing the Petitioner to the custody of his sponsor, the Office of Refugee Resettlement ("ORR")

was required to find that the Petitioner's release did not present a danger to the community or a flight risk. *Id.* ¶ 2. Petitioner filed an I-589 Application for Asylum, Withholding, and Protection under the Convention Against Torture with USCIS. *Id.* ¶ 3. Petitioner was detained by ICE on or about May 13, 2026 as the passenger in a vehicle while he was on his way to work. *Id.* ¶ 4. He has been held without bond since.

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and his due process rights. *Id.* ¶¶ 29–58. He asks that he either be released from custody or granted a bond hearing within seven days. *Id.* at 13.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as almost every other judge in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Indeed, Respondents concede

> that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

ECF No. 7 at 3–4.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention."

3

*Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026) ("The Court joins its colleagues in this District and those courts across the country that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the

4

INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly considered to be detained under § 1226(a).").[1]

In support of their position, Respondents reference the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. Mar. 25, 2026). Respondents accurately note that the Court has repeatedly rejected any reliance on these courts' interpretation of the statute. *See, e.g., Solis-Gutierrez v. Mullin*, No. 26-cv-01287-NRN, 2026 WL 925535, at *2 (D. Colo. Apr. 6, 2026). The Court also acknowledges that in recent decision, Chief Judge Daniel D. Domenico found that the petitioner was subject to mandatory detention under § 1225(b)(2)(A). *See Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. Apr. 15, 2026). However, the Court finds that Respondents have "present[ed] no argument for why these non-binding decisions require the Court to reverse itself on this legal question." *Gregorio Martinez Torres v. Bondi*, No. 26-cv-01062-CYC, 2026 WL 860425, at *1 (D. Colo. Mar. 30, 2026). Moreover, the Court notes that the Second and Sixth Circuits have forcefully rejected Respondents' position. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. May 11, 2026).

---

[1] The Court also notes that, although Petitioner does not raise this issue in his Petition, there is authority for the proposition that Petitioner cannot be detained without bond under 8 U.S.C. § 1225(b)(2) because he is subject to the "facially incompatible" detention scheme of 8 U.S.C. § 1232. *F.S.S.M. v. Wofford*, No. 1:25-cv-01518-TLN-AC, 2025 WL 3526671, at *4 (E.D. Cal. Dec. 9, 2025) *see also Marroquin Alvarez v. Genalo*, No. 26-CV-02250 (JAV), 2026 WL 1206212, at *6 (S.D.N.Y. May 4, 2026) ("Courts across the country . . . concur that Section 1225(b)(2)(A) and Section 1232(c)(2)(B) establish 'mutually exclusive' detention schemes.").

Given that "over ninety percent of district court judges have sided with Petitioner," *Barbosa da Cunha*, 175 F.4th at 71, the Court finds no reason to reverse itself here.

As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the ORR in 2021 and he has since remained "at liberty relying on that determination." *F.S.S.M. v. Wofford*, 2025 WL 3526671, at *5. "Petitioner was previously released and placed with a sponsor family member pursuant to the TVPRA, meaning the [ORR] necessarily already determined that Petitioner does not pose a risk of flight or danger to the community based on an individualized assessment of his circumstances." *P.A.H.E. v. Noem*, No. 1:26-cv-01164-DJC-JDP, 2026 WL 451662, at *3 (E.D. Cal. Feb. 17, 2026). Plaintiff asserts, and Respondents do not contest, that "[a]t the time of his detention, there had not been a material change in circumstances." ECF No. 1 ¶ 4. Under these circumstances—where Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation is considerable, and Respondents' interest in detention is low, *see Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)—"the Court finds and concludes, as other courts around the country have, that immediate release is the appropriate remedy to cure the due process violation and restore the status quo." *Sarmiento v. Perry*, No. 1:25-CV-01644-AJT-WBP, 2026 WL 131917, at *10 (E.D. Va. Jan. 19, 2026) (footnote omitted).

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 13. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the

motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows.

1) By no later than **June 17, 2026**, Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings. Respondents shall not impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

2) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and

3)  Respondents shall file a status report on or before June 18, 2026 confirming that

Petitioner has been released from custody.

Date: June 16, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge